Dear Mr. Weinstein:
You have requested an opinion of this office as to the right of Acadiana Fixed Wing (Lessee) to extend their five year lease with the St. Landry Parish Airport Authority (Lessor) under the lease by and between the parties dated October 6, 2000.
The lease was prepared to meet the requirements of LSA 2:135.1 as that statute relates to the leasing of airport facilities. Under LSA 2:135.1(B)(2) the lessor shall lease for an initial "period not exceeding ten years". However, under LSA 2:135.1(B)(2)(a) (b) the lessor may
grant an option to extend the primary lease under certain conditions
The primary lease as advertised in the "Notice for Bid", and as stated in Article IV, Section A provided for a lease term of "five years commencing on October 1, 2000." Since the primary period under the statute "shall be for a period not exceeding ten years", the five year lease conforms to the requirements of the statute.
LSA 2:135.1(B)(2)(a) states that "A lessor may grant an option to extend the primary lease ". Therefore, there is no statutory requirement that St. Landry Parish Airport Authority grant a right to extend the primary term, but it may choose to do so. We must look to the lease to determine what options, if any, were granted.
Article IV, Section A of the lease sets forth a set of terms and conditions which track the terms and conditions set forth for options to extend as presented in LSA 135.1(B)(2)(a) (b). The statute states that options shall be granted if improvements are made to the leased property in certain dollar amounts. The length of the extension can be "not more than ten years" under Section (B)(2)(a) and for "an additional ten year period or part thereof for each $100,000.00 not to exceed a maximum term of sixty years" under Section (B)(2)(b).
However, this lease specifically requires in Article IV, Section A that options for extensions will only be granted if the Lessee "adds or contracts for permanent improvements to be constructed or placed on or made to the land which have been subject to prior approval by thelessor". This necessity for prior approval for improvements is also consistent with Article II, Section D of the lease which states in the first sentence, "LESSEE may not make any additions, alterations and changes in the buildings constructed on the leased premises without prior written consent of the LESSOR". Further, it is reasonable and prudent for the lessor to want to approve any permanent changes to its structure.
In summary, if improvements have been made or are contracted for by Acadiana Fixed Wing in the amounts and manner specified under the lease and LSA 2:135.1(B)(2), and the improvements have the prior approval of the lessor, the lessee has a right to extend the lease. If the improvements do not have the prior approval of the lessor, or none are made or contracted for there is no right to extend the lease.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ______________________________ CHARLES F. PERRY Assistant Attorney General
CCF, Jr./CFP/tp